FILED

SEP 03 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 1:24CR131MTS-ACL |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CANDACE WEST, | ) | Title 18, U.S.C. § 1014. |
| | ) | Title 18, U.S.C. § 1343. |
| | ) | Forfeiture allegations. |
| Defendant. | ) | |

# INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment, unless otherwise specified below:

1. Candace West, a defendant herein, was a resident of Caruthersville, Pemiscot County Missouri, within the Southeastern Division of the Eastern District of Missouri.

2. Candace West did not own or operate a business registered or incorporated within the State of Missouri which was in operation on February 15, 2020.

### The Paycheck Protection Program

3. The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No.

116-136, 134 Stat. 281 (2020), is a federal law that was enacted in or around March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic. One source of relief provided for in the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary, wages and to provide benefits, such as health insurance coverage, to their employees.

5. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the business to acknowledge the program rules and make certain affirmative certifications to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to certify: (a) that the small business was in operation on February 15, 2020; and (b) the average monthly payroll expenses; and (c) the number of employees. These certifications were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for PPP loans were required to submit documentation supporting their payroll expenses.

7. A PPP loan application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and assume the responsibility for paying back the loan.

8. PPP loan funds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities for the business. In the PPP loan application (SBA Form 2483), the borrower must certify that "[a]ll SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule." In that same application, the borrower must also certify that "[t]he funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule."

9. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these authorized expense items within a designated period of time and used a certain portion of the loan toward payroll expenses.

10. Harvest Small Business Finance, LLC. (Harvest), a financial institution headquartered in Laguna Hills, California, was a participating lender and issued PPP loans guaranteed by the SBA. Harvest processed applications for PPP loans that were submitted through an internet-based web portal, which affected interstate commerce.

### The Scheme to Defraud

### COUNT I
False Statement (18 U.S.C. § 1014)

11. Paragraphs 1-10 are realleged and incorporated by reference as if fully set forth herein.

12. On or about April 20, 2021, in the Southeastern Division of the Eastern District of Missouri and elsewhere, the defendant, Candace West, knowingly made a false statement to Harvest Small

Business Finance, LLC, a financial institution, for the purpose of influencing the action of Harvest Small Business Finance, LLC, upon an application for a SBA backed PPP loan, in violation of Title 18, United States Code, Section 1014 and punishable under Title 18, United States Code, Section 1014.

## Manner and Means

13. It was a part of the scheme that, on or about April 20, 2021, Candace West submitted and caused to be submitted a fraudulent PPP loan application on behalf of Candace West, which falsely stated:

   a) That Candace West was the owner / operator of a small business that was in operation in Missouri on February 15, 2020.
   b) That any funds received by way of a PPP loan would be spent on permissible expenses, such as payroll costs, mortgage interest, rent and utilities for the business which she claimed.

14. Further, Candace West knowingly submitted and caused to be submitted certain documents in support of the fraudulent PPP loan application, including a materially false and fraudulent Internal Revenue Service (IRS) Schedule C (Form 1040) Profit or Loss From Business form (Schedule C) for 2019 which falsely represented a gross income of $135,000, and expenses for;

a) $2,215.00 for advertising,

b) $3,472 for contract labor,

c) $1,000 for legal and professional services,

d) $1,500 for office expenses,

e) $4,500 for supplies,

f) $2,579.00 for travel,

g) $24,560 for wages.

When in truth and fact, there was no such business and Candace West had not obtained the gross income listed, nor incurred the expenses claimed, and Candace West did not spend the proceeds of the loan in a manner consistent with the rules of the program.

## COUNT II
### Wire Fraud (18 U.S.C. § 1343)

15. Paragraphs 1-10 are realleged and incorporated by reference as if fully set forth herein.

16. On or about April 20, 2021, in the Southeastern Division of the Eastern District of Missouri and elsewhere, the defendant, Candace West voluntarily and intentionally devised or participated in a scheme to obtain money by means of material false representations, namely the submission of a fraudulent PPP loan application, with the intent to defraud, and the defendants used, or caused to be used an interstate wire communication, that is the electronic submission of a fraudulent loan application via the internet, for the purpose of obtaining an electronic deposit of funds into a bank account of Candace West, in furtherance of the scheme, and the scheme affected Harvest Small Business Finance, LLC, a financial institution, in violation of Title 18 United States Code, Section 1343 and punishable under Title 18, United States Code, Section 1343.

17. It was a part of the scheme that, on or about April 20, 2021, Candace West submitted and caused to be submitted a fraudulent PPP loan application on behalf of Candace West, which falsely stated:

a) That Candace West was the owner / operator of a small business that was in operation in Missouri on February 15, 2020.

b) That any funds received by way of a PPP loan would be spent on permissible expenses, such as payroll costs, mortgage interest, rent and utilities for the business which she claimed.

18. Further, Candace West submitted and caused to be submitted certain documents in support of the fraudulent PPP loan application, including a materially false and fraudulent Internal Revenue Service (IRS) Schedule C (Form 1040) Profit or Loss From Business form (Schedule C) for 2019 which falsely represented a gross income of $135,000, and expenses for;

a) $2,215.00 for advertising,
b) $3,472 for contract labor,
c) $1,000 for legal and professional services,
d) $1,500 for office expenses,
e) $4,500 for supplies,
f) $2,579.00 for travel,
g) $24,560 for wages.

When in truth and fact, there was no such business and Candace West had not obtained the gross income listed, nor incurred the expenses claimed and Candace West did not spend the proceeds of the loan in a manner consistent with the rules of the program.

19. As a result of the materially false and fraudulent application for a PPP loan, the lender did electronically transfer $20,833.00 to a bank account of Candace West.

**Forfeiture Allegations**

The Grand Jury further finds by probable cause that:

Pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (a)(3)(F), upon conviction of an offense in violation of Title 18, United States Code, Section 1014 and/or Section 1343, as set forth in the Indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as

a result of such violation. Subject to forfeiture is a sum of money equal to the total value of the property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $20,833.00.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

———————————————
Foreperson

SAYLER A. FLEMING
United States Attorney

———————————————
Tim J. Willis, # 62428MO
Assistant United States Attorney